## Case No. 10,682.

### In re PALMER.

[3 N. B. R. 301 (Quarto, 77).] [1]

District Court, D. Kansas. 1869.

BANKRUPTCY—DISCHARGE—OPPOSITION BY CREDITOR—DEBT NOT PROVED—STATUS OF OPPOSING CREDITORS.

A firm, M., W., R. & Co., duly appointed B. & C. their attorneys, and proved debt in bank-

---

[1] [Reprinted by permission.]

ruptcy. Thereafter S. & H., a law firm, duly entered appearance for W., R. & Co., creditors, and filed specifications in opposition to bankrupt's discharge, signed (in the handwriting of S.) B. & C., and S. & H., attorneys for the opposing creditors. W., R. & Co., had proved no debt. *Held*, the objecting creditors had no status on which to oppose discharge. S. & H. had no power to act for M., W., R. & Co. and the firm of W., R. & Co. had proved no debt.

The bankrupt, Charles N. Palmer, having filed his petition for discharge, of which due notice was given to all creditors who had proved their debts, Sawyer & Herman, attorneys, entered their appearance as attorneys for Weaver, Richardson & Co., and, in due time, filed specifications in opposition to the discharge, signed Sawyer & Herman, and Brown & Case, attorneys for opposing creditors. No debt was proved by Weaver, Richardson & Co., but a debt was proved by Mott, Weaver, Richardson & Co. The signatures to the specifications were in the handwriting of Sawyer, of the firm of Sawyer & Herman. They presented a power of attorney by Mott, Weaver & Richardson, constituting Brown & Case their attorneys. It was insisted for the bankrupt that he was entitled to his discharge, and that the specifications should be treated as a nullity, because they were not filed by a creditor who had proved his debt, and because the attorney who signed and filed them had not been authorized, by power of attorney, to appear for the creditors named in the specifications.

Z. E. Britton, for bankrupt.

Sawyer & Herman and Hurd & Stillings, for opposing creditors.

DELAHAY, District Judge. No legal appearance has been entered by the objecting creditors. Parties seeking a status in court to oppose the discharge of the bankrupt, must prove themselves creditors by proving up their claims as required by the provisions of the bankrupt act. This, Weaver, Richardson & Co. have not done. No debt has been proved by them. But the specifications would have been improperly filed if their debt had been proved. The power of attorney was made to Brown & Case, and does not confer the power of substitution. It gave Sawyer & Herman no power to act for the creditors. They had no authority to sign it as attorneys, and Sawyer had no authority to sign the name of Brown & Case. The paper, then, is a pure nullity, not made in behalf of one who has proved a debt against the estate, and not signed by any one legally authorized to act for any creditor. There is, therefore, nothing in the case which the court can regard as an objection to the discharge of the bankrupt, and as he seems to have complied with all the provisions of the act, it is granted.